CHARLES S. GREENBERG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Greenberg v. Commissioner
Docket No. 9324-75.
United States Tax Court
T.C. Memo 1976-293; 1976 Tax Ct. Memo LEXIS 110; 35 T.C.M. (CCH) 1308; T.C.M. (RIA) 760293; September 15, 1976, Filed *110 Charles S. Greenberg, pro se. Lowell F. Raeder, for the respondent. FAY
FAY, Judge: Respondent determined a deficiency of $1,562.25 in petitioner's Federal income tax for 1973. The sole issue for determination is whether petitioner is entitled to a "war protest deduction" in the amount of $6,789.00. Respondent has moved for judgment on the pleadings under Rule 120, Tax Court Rules of Practice and Procedure.
Petitioner, Charles S. Greenberg, resided in Norristown, Pennsylvania, at the time of the filing the petition herein. Petitioner maintains, in effect, that he is absolved from paying a portion of his 1973 Federal income tax for the following reasons: (1) payment of such portion abridges his religious freedom under the First Amendment of the Constitution; (2) certain military actions of the United States Government violate the Nuremberg Principles and payment of such portion would amount to complicity in a crime under established principles of international law; (3) petitioner is willing to pay an equivalent amount or "alternate tax" to a government agency not involved in military preparations. [1]
*111 While we do not question petitioner's sincerity, it is well established that religious or moral objections to policies of the Federal government do not absolve petitioner from any portion of his income tax liability, whether expressed in terms of the First Amendment, international law, or Nuremberg Principles. Autenrieth v. Cullen,418 F.2d 586 (9th Cir. 1969), cert. denied 397 U.S. 1036 (1970); Lorna H. Scheide,65 T.C. 455 (1975); John David Egnal,65 T.C. 255 (1975); Susan Jo Russell,60 T.C. 942 (1973); Abraham J. Muste,35 T.C. 913 (1961); cf. United States v. Malinowski,472 F.2d 850 (3d Cir. 1973), cert. denied 411 U.S. 970 (1973); see also Flast v. Cohen,392 U.S. 83 (1968); Robert L. Anthony,66 T.C. 367 (1976). Furthermore, petitioner's proposed payment of an "alternative tax" has no bearing on his Federal income tax liability. Susan Jo Russell,supra, at 947. Accordingly, respondent's motion for judgment on the pleadings will be granted. An appropriate order and decision will be *112 entered. Footnotes
1. Apparently, petitioner computed the amount of the claimed deduction on the theory that 60 percent of Federal income taxes collected by the Government are used to finance military operations.↩