CHARLES S. GREENBERG, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 9086–78.     Filed February 7, 1980.

Charles S. Greenberg, pro se.
*Russell K. Stewart,* for the respondent.

OPINION

SIMPSON, *Judge:* This matter is before us on the Commissioner's motion for judgment on the pleadings. The Commissioner determined deficiencies in the petitioner's Federal income taxes of $2,226.33 for 1975 and $2,980 for 1976 and additions to the tax of $106 and $149, respectively, for such years under section 6653(a) of the Internal Revenue Code of 1954.[1] A concession by the parties has reduced the deficiency for 1975, and the only substantive issues remaining for decision are: (1) Whether the petitioner may deduct the amounts claimed by him as a "Health, Education and Welfare" (HEW) deduction because of his conscientious objection to the payment of Federal income taxes to support war; and (2) whether the petitioner is liable for damages under section 6673 for instituting proceedings before this Court merely for delay.

The petitioner, Charles S. Greenberg, resided in Norristown, Pa., at the time he filed his petition herein. He filed his Federal income tax returns for 1975 and 1976 with the Internal Revenue Service, Philadelphia, Pa.

On his Federal income tax returns for 1975 and 1976, the petitioner claimed deductions of $7,090 in 1975 and $9,678 in 1976 as an HEW deduction "to reduce my legal tax to an acceptable level" as a protest to prevent a portion of his income taxes from being allocated to "the pursuit of war." Notices of deficiency were mailed to the petitioner on May 5, 1978, wherein the Commissioner determined that such deductions were not allowable.

On August 2, 1978, the petitioner filed a petition with this Court in which he alleged:

Both defiencies [sic] deny a deduction in protest of war which would involve me in a conflict of conscience and violate my moral and religious beliefs as a conscientious objector to war:

---

[1]All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.

a. payment of taxes for war is an acceptance and affirmation of war in that it enables the pursuit of war,

b. I am exercising a parallel privilege to that accorded in the Selective Service codes of "alternative payment" rather than "alternative service" and have dedicated the war-related portion of my taxes to peaceful purposes as an "HEW deduction" to reduce my legal tax to an acceptable level,

c. the illegal tax portion that derived from the HEW deductions ($7,090.00 in 1975 and $9,678.00 in 1976) has been paid out to an escrow fund for appropriate peaceful uses,

d. that this awkward mode of refusal is dictated by existing statutes to secure a notice of deficiency with no intent to defraud, which facts were set forth in a cover letter with my 1040 for each year and,

e. that since payment of the illegal taxes would violate the Nuremburg [sic] Edicts regarding individual rights to disobey unreasonable demands against conscience, I hereby petition the Court to accept my alternative payment plan and declare the Notices of Deficiency for 1975 and 1976 void.

The Commissioner filed an answer to the petition denying such allegations and alleged that the petitioner had filed a frivolous petition for delay within the meaning of section 6673 and that a penalty of $500 should be awarded to the United States by the Court. In support of such claim, the Commissioner alleged that the petitioner filed a petition with this Court in October 1975 disputing the disallowance of an HEW deduction for the year 1973 on the grounds of his moral beliefs and general objections to war. In such petition, the petitioner made the same contentions as he makes in his petition in this case, including his general moral objections to war, his "rights" under the Nuremberg Principles, and his privilege of "alternative payment." On September 15, 1976, this Court filed a Memorandum Opinion in *Greenberg v. Commissioner*, T.C. Memo. 1976–293, in which we sustained the deficiency in income tax for the taxable year 1973 as determined by the Commissioner, and stated "that religious or moral objections to policies of the Federal government do not absolve petitioner from any portion of his income tax liability, whether expressed in terms of the First Amendment, international law, or Nuremberg Principles." (Citations omitted.) 35 T.C.M. 1308, 1309, 77 P-H Memo T.C. par. 76,293, at p. 76–1286.

The Commissioner also alleged that in January 1977, the petitioner, as guardian for his minor son, filed a petition with this Court contesting the disallowance of an HEW deduction on his son's 1975 income tax return on the ground of the petitioner's objection to war. Docket No. 439–77. In such case, the petition was identical to the petition in his 1973 case. The Commissioner

filed a motion for judgment on the pleadings, and a hearing was held on such motion on February 13, 1978. The petitioner did not attend the hearing, but he did telephone the Court to acknowledge that the sole basis of his petition was a matter of protest. On May 18, 1978, this Court entered an order and decision and an accompanying memorandum sur order in which we sustained the deficiency in income tax for 1975 as determined by the Commissioner, and stated that "This Court has held on numerous occasions that a taxpayer may not refuse to comply with the tax laws based upon the taxpayer's disagreement with the policies of the Federal government." (Citations omitted.) The petitioner did not appeal either decision of this Court. In support of his claim for damages under section 6673, the Commissioner also alleged that despite these adverse decisions disallowing the petitioner's deductions, "petitioner, with full knowledge and understanding of the position of this court, has petitioned herein, again claiming that he is entitled to similar frivolous deductions."

The petitioner made no reply to the Commissioner's affirmative allegations, and thereupon, the Commissioner filed a motion pursuant to the provisions of Rule 37(c), Tax Court Rules of Practice and Procedure,[2] to have the undenied allegations in his answer deemed admitted. The petitioner filed a response to the Commissioner's motion and denied that his petition was frivolous, but he did not deny the other allegations of the Commissioner. The petitioner stated:

> Further, I deny that a repetition of my petition is or can be considered frivolous. There is no other forum for my views about war taxes than court. As I can not afford to appeal to the lower & higher courts on a given decision, I can only hope for a variant reading of the law or a small contribution to a growing base of appeals which might further a future individual or class action. Not only is such a protest anything but frivolous, but a charge against me for exercising my *only* avenue of protest of $500.00 damages is absurd. If and when I lose I must pay interest and penalties; why should I pay damages to exercise a right of appeal? * * * [Emphasis in original.]

The Court ordered that all the Commissioner's allegations be deemed admitted, except for his allegation that the petitioner filed this action for the purpose of delaying the collection of his income tax.

The Commissioner filed a motion for judgment on the

---

[2] All references to a Rule are to the Tax Court Rules of Practice and Procedure.

pleadings and a memorandum in support thereof on the ground that he was entitled to judgment as a matter of law on the undisputed facts appearing in the pleadings. A hearing was held on such motion in Philadelphia, Pa. The petitioner was unable to attend such hearing due to an illness in his family; however, he filed a written statement in lieu of appearance and stated:

The issue to me is that the Selective Service allows conscientious objectors to perform alternative service while there is no provision in the IRS Codes for similar views. I would like a legally recoginezed [sic] form of alternative payment made available for those who can establish grounds of conscience for opposing war. It is for this objective that I have engaged in War Protest for so many years. * * *

As a first matter, it is a well-established principle of tax law that deductions are a matter of legislative grace and are not allowable unless Congress has specially provided for them. *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934). The burden of proof rests on the petitioner to establish that a determination of the Commissioner is incorrect. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111 (1933). The petitioner presented no evidence to show that the determination of the Commissioner was erroneous, nor did he establish that any provision in the tax statutes allows for an HEW deduction. Therefore, the Commissioner's determination must be sustained on those grounds.

Furthermore, there has been a long and undeviating parade of cases in this and other courts disallowing deductions taken by taxpayers for the part of their taxes which they estimated to be attributable to military expenditures and to which they objected because of their religious, moral, and ethical objections to war and because of their claimed "rights" under various constitutional provisions, the Nuremberg Principles, international law, and numerous international agreements and treaties. *Lull v. Commissioner*, 602 F.2d 1166 (4th Cir. 1979), affg. per curiam T.C. Memo. 1978–74 and *Herby v. Commissioner*, T.C. Memo. 1978–119, cert. denied 444 U.S. 1014 (1980); *First v. Commissioner*, 547 F.2d 45 (7th Cir. 1976), affg. per curiam a Memorandum Opinion of this Court; *Autenrieth v. Cullen*, 418 F.2d 586 (9th Cir. 1969), cert. denied 397 U.S. 1036 (1970); *Kalish v. United States*, 411 F.2d 606 (9th Cir. 1969), cert. denied 396 U.S. 835 (1969); *Farmer v. Rountree*, 149 F. Supp. 327 (M.D. Tenn. 1956), affd. per curiam 252 F.2d 490 (6th Cir. 1958), cert. denied 357 U.S. 906 (1958); *Anthony v. Commissioner*, 66 T.C. 367 (1976); *Scheide v. Commis-*

*sioner*, 65 T.C. 455 (1975); *Egnal v. Commissioner*, 65 T.C. 255 (1975); *Russell v. Commissioner*, 60 T.C. 942 (1973); *Muste v. Commissioner*, 35 T.C. 913 (1961).

In *Muste v. Commissioner, supra,* this Court held that a taxpayer does not have the right to refuse to comply with the law because it is not in accord with the dictates of his conscience. The Court stated:

There is no doubt as to the sincerity of the petitioner's beliefs, but in our opinion he does not have the right to refuse to comply with the law, even though the policies of the Federal Government and the manner of expenditure of its revenues may not accord with the dictates of his conscience or religion. [35 T.C. at 919; fn. ref. omitted.]

The Court of Appeals for the Ninth Circuit stated in *Autenrieth v. Cullen:*

If every citizen could refuse to pay all or part of his taxes because he disapproved of the government's use of the money * * * the ability of the government to function could be impaired or even destroyed. * * * There are few, if any, governmental activities to which some person or group might not object * * * [418 F.2d at 588–589.]

Moreover, this and other courts have previously considered and rejected the specific contention that the Nuremberg Principles provide a basis for the deductions taken by the petitioner in this case. *First v. Commissioner, supra; Farmer v. Rountree, supra; Scheide v. Commissioner, supra; Egnal v. Commissioner, supra; Russell v. Commissioner, supra.* Therefore, the petitioner's moral objections to the expenditure of a portion of his Federal income tax for military purposes do not present new or meritorious reasons for the allowance of the deductions taken by him.

The petitioner also contends that, by refusing to pay a portion of his taxes used for war purposes because he is a conscientious objector to war, he is exercising a privilege of "alternative payment" parallel to the privilege of alternative service allowed by the Selective Service Acts for conscientious objectors. Such argument has also been considered and rejected in prior cases. *Autenrieth v. Cullen, supra; Muste v. Commissioner, supra.* It is well established that no person has an inherent right under the U.S. Constitution to be free from a call to military service; it is only by virtue of acts of Congress that conscientious objectors are exempt in whole or in part from military service. *Selective Draft Law Cases*, 245 U.S. 366 (1918); *United States v. Palmer,*

223 F.2d 893 (3d Cir. 1955); *George v. United States*, 196 F.2d 445 (9th Cir. 1952). It is clear that Congress has not authorized or sanctioned the "alternative payment" which the petitioner maintains is his privilege in this situation. Furthermore, the Constitution does not relieve a pacifist or a conscientious objector from the duty of paying taxes, even though they may be used for war or for preparation for defense. Article I, section 8, of the Constitution, specifically provides that the Congress shall have the power to lay and collect taxes and provide for the common defense and general welfare of the United States and to provide for and maintain an Army and a Navy. This article and the 16th Amendment to the Constitution empower the Congress to lay and collect taxes on income from whatever source derived, and Congress has made no exceptions for taxpayers who are conscientious objectors. See *Muste v. Commissioner*, 35 T.C. at 919. Moreover, the Supreme Court in the landmark case of *Massachusetts v. Mellon*, 262 U.S. 447 (1923), held that the interest of a taxpayer in the moneys of the Federal Treasury is too indeterminate, remote, uncertain, and indirect to furnish a basis for appeal to the preventive powers of that Court regarding the manner of their expenditure.

Lastly, the petitioner's allegation that he has paid "the illegal tax portion" to an escrow fund for appropriate peaceful uses does not relieve him of his tax liability. This Court has considered and rejected such a contention in previous cases. *Egnal v. Commissioner*, 65 T.C. at 263 (alleged partial tax payment by petitioners to Philadelphia War Tax Resistance Alternative Fund did not relieve them of their income tax liability); *Russell v. Commissioner*, 60 T.C. at 947 (alleged payment of an alternative tax to the community had no bearing on the tax liability of the petitioner).

For these reasons, the Commissioner's motion for judgment on the pleadings is granted since there is no genuine issue as to any material fact, and we sustain his determination of deficiencies in income taxes for 1975 and 1976. *Anthony v. Commissioner*, 66 T.C. at 373; *Egnal v. Commissioner*, 65 T.C. at 263. The Commissioner also determined that the petitioner is liable for the 5-percent addition to tax for such years under section 6653(a)[3] for the petitioner's alleged negligence or intentional

---

[3]In relevant part, sec. 6653(a) provides:

disregard of rules and regulations within the meaning of that section. The petitioner also has the burden of proof on this issue. *Bixby v. Commissioner*, 58 T.C. 757 (1972); *Inter-American Life Insurance Co. v. Commissioner*, 56 T.C. 497 (1971), affd. per curiam 469 F.2d 697 (9th Cir. 1972); *Rosano v. Commissioner*, 46 T.C. 681 (1966). In his pleadings, he alleged no facts on this issue other than his general moral objections to war. In any event, it is clear that the petitioner intentionally claimed a deduction for which he knew there was no provision in the Internal Revenue Code. Accordingly, we sustain the Commissioner's determination of the addition to tax under section 6653(a) for the years in issue.

The next issue we must consider is whether this Court should grant the Commissioner's motion to award damages to the United States under section 6673, which provides:

> Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.

In the recent case of *Wilkinson v. Commissioner*, 71 T.C. 633 (1979), this Court awarded the United States damages of $500 against a taxpayer. The taxpayer in *Wilkinson* refused to substantiate various claimed deductions by relying on alleged constitutional defenses after he had been repeatedly informed that such defenses had no legal basis. The record in *Wilkinson* affirmatively showed that the taxpayer still refused to show his records to the IRS even after being ordered to do so by a United States District Court during the audit of his return. The record also showed that the taxpayer had been furnished with various opinions of this Court which considered and rejected arguments comparable to those made by him, and that he had been repeatedly warned by this Court during the trial of his case that he had no basis for refusing to produce his records. Moreover, he had been warned at a pretrial conference that the Commissioner intended to file a motion for damages under section 6673. In

---

If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A * * * is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.

granting the Commissioner's motion for damages, this Court concluded that the taxpayer's conduct indicated "that he filed his petition merely with the intent to delay paying his taxes." (71 T.C. at 643.)

In *Wilkinson*, this Court gave careful consideration to the legislative history of section 6673 and its predecessor and observed that "We have used this power sparingly in the past." (71 T.C. at 640–641.) Such legislative history indicates that section 6673 was intended to apply to situations where a taxpayer repeatedly brings the same appeal to this Court in a number of different proceedings after having been informed that his basis for such appeal is groundless. See, e.g., Hearings on H.R. 1, Before the House Comm. on Ways and Means, 69th Cong., 1st Sess. 892 (1925). Indeed, such action is tantamount to the obstinate conduct of the taxpayer in *Wilkinson* and clearly constitutes a proceeding "instituted by the taxpayer merely for delay" within the intent and purpose of section 6673.

We must conclude that on the record in this case, the petitioner has instituted this proceeding "merely for delay," and we must therefore grant the Commissioner's motion for damages.

We recognize that the petitioner's motive for filing his petition may have been to protest the payment of taxes to be used for military purposes. Yet, a person's intent in performing an act includes not only his motive for acting (which may be defined as the objective which inspires the act), but also extends to include the consequences which he believes or has reason to believe are substantially certain to follow. See *United States v. Moylan*, 417 F.2d 1002, 1004 (4th Cir. 1969); see also W. Prosser, Law of Torts 31–32 (4th ed. 1971).

It is clear from the record in this case that the petitioner knew that he had no valid ground for taking an HEW deduction on his income tax returns, and that he knew he had no legal ground for petitioning this Court to contest the deficiencies based on the disallowance of such deductions. The three petitions filed by him with this Court—the first in 1975, the second (on behalf of his minor son) in 1977, and the third in the present case—were virtually identical. Each presented the same arguments and contentions regarding the deductions taken by him in protest of war. Well before he filed the petition in this case, he had received the decisions of this Court in the earlier cases, clearly

advising him that there was no merit to his claim. Indeed, the petitioner's correspondence with this Court in this proceeding, as well as in his two prior cases, indicates that he took such deductions yearly, as a matter of course, with the full knowledge that such deductions were not allowable. It is also significant that the petitioner did not take an appeal from either decision of this Court in his two previous cases. Thus, when the petitioner commenced the present case, he knew, or should have known, that he could not prevail and that the only effect of commencing the action would be to delay the payment of his proper taxes for 1975 and 1976.

Moreover, it is clear that in this proceeding, the petitioner had ample notice of, and fully understood, the Commissioner's intention to seek damages under section 6673. See *Ritchie v. Commissioner*, 72 T.C. 126 (1979) (Court did not impose sec. 6673 damages on the Commissioner's motion because it found that the petitioner had not been previously informed that his constitutional objections to the deficiency were without basis, and that he had not been informed prior to trial that the Commissioner sought such damages).

We stated in *Hatfield v. Commissioner*, 68 T.C. 895, 899 (1977):

Any citizen may resort to the courts whenever he or she in good faith and with a colorable claim desires to challenge the Commissioner's determination; but that does not mean that a citizen may resort to the courts merely to vent his or her anger and attempt symbolically to throw a wrench at the system. * * *

As we have stated time and again, this Court is not a "forum for protest" for a taxpayer's objections to this country's military appropriations. This Court has before it a large number of cases which deserve careful consideration as speedily as possible, and cases of protest which do not involve any seriously justiciable issue needlessly disrupt our consideration of those genuine controversies. The already overcrowded courts are not the place for an individual to repeatedly attempt to champion a cause he knows to be groundless. General grievances against the policies of the Government, or against the tax system as a whole, are not the types of controversies to be resolved in the courts; Congress is the appropriate body to which such matters should be referred.

Other courts have resorted to extraordinary devices to prevent abuse of the judicial process. For example, in *Ijams v. Bryan,* an unreported case (D. Kan. 1979, 44 AFTR 2d 79–6050,

79–2 USTC par. 9629), the District Court dismissed the taxpayer's action where various constitutional and tax protestor arguments were the only basis for the suit and enjoined him from filing any action relating to his tax liability for certain years unless allegations of improper collection procedure were documented. In *Clark v. McGovern,* an unreported case (W.D. Wash. 1976, 39 AFTR 2d 77–614, 77–1 USTC par. 9207), the District Court dismissed an action by tax protestors and permanently enjoined them from bringing similar actions without first obtaining the permission of the court. If the petitioner wishes to continue this form of protest in the face of repeated warnings, he must accept the penalty authorized to be imposed by this Court for his actions.

In deciding upon the amount of damages due from the petitioner under section 6673, we consider that we have already sustained the imposition of the addition to tax under section 6653 (a) for both years in issue, and that this is the first time the damages under section 6673 have been imposed in situations involving taxpayers who repeatedly raise issues they know to be without merit. In view of these considerations, we have concluded that damages of $250 are appropriate in this case.

> *An appropriate order and decision will be entered.*