GREGORY A. HERGOTT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hergott v. Commissioner
Docket No. 9481-78.
United States Tax Court
T.C. Memo 1980-283; 1980 Tax Ct. Memo LEXIS 303; 40 T.C.M. (CCH) 813; T.C.M. (RIA) 80283; July 30, 1980, Filed Gregory A. Hergott, pro se. Ralph W. Jones and Carolyn Boyer, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion for summary judgment filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
*304 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is presently before the Court on respondent's motion for summary judgment filed on October 5, 1979, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency issued to petitioner on May 18, 1978, determined a deficiency in petitioner's Federal income tax for the taxable calendar year 1975 in the amount of $25,633.88. [3]
At paragraph (1) of the petition we are notified--"Petitioner *305 is an individual living at Box 612, Fairbury, Nebraska, 68352. (All other addresses temporary)." Petitioner filed his 1975 Federal income tax return with the Internal Revenue Service as a single individual. That return, which was prepared by a certified public accountant at San Francisco, California, had attached thereto a Schedule C (Profit or (Loss) From Business or Profession) which discloses-- Business name
Greg Hergott Construction Co.
Business activity
Contractor
Product
Steeplejack
Schedule C further discloses that petitioner's business used the cash method of accounting; that it had gross receipts of $67,516 and a net profit of $14,450. The only tax reported due on petitioner's 1975 return was a self-employment tax of $1,114. Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "[clear] and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and [clear] and concise lettered statements of the facts on which petitioner bases the assignments of error." No justiciable error has been *306 alleged in the petition with respect to the Commissioner's determination of the deficiency, and no facts in support of such error are extant therein. Rather, petitioner consumes his entire petition raising, in the main, a plethora of constitutional and statutory arguments. Therein we are advised, interalia, that-- 1. "* * * I am a Church being audited, and under Amendment One of the Constitution of These United States, I am above audit." 2. "Since this so-called court does not give Petitioner the opportunity to be heard before a jury of Petitioner's peers, said 'court' is, in fact, a substitute of Chancellory Rule for a Court of Law, thus depriving Petitioner of his basic right to be heard by a Court of Law because Petitioner has never acquiesced thereto, * * *." 3. "Amendment One of our Constitution guarantees Petitioner the right to 'Petition the Government for a redress of grievances', therefore, this document should be copied by the 'clerk' of this so-called 'court' and sent to Congress for the adjudication of the facts and issued [sic] herein contained, otherwise this Petitioning effort qualifies as one gigantic farce and the Petitioner has no Constitutional *307 rights at all." It is clear beyond doubt that the multitude of constitutional and statutory arguments advanced by petitioner are frivolous and without merit. All of the contentions he has raised in his petition have been fully discussed (adversely to petitioner's contentions) in numerous prior opinions of this and other courts. [4] On this very point, which is totally pertinent to this case, in Hatfield v. Commissioner, 68 T.C. 895, 899 (1977), we had this to say-- In recent times, this Court has been faced with numerous cases, such as this one, *308 which have been commenced without any legal justification but solely for the purpose of protesting the Federal tax laws. This Court has before it a large number of cases which deserve careful consideration as speedily as possible, and cases of this sort needlessly disrupt our consideration of those genuine controversies. Moreover, by filing cases of this type, the protesters add to the caseload of the Court, which has reached a record size, and such cases increase the expenses of conducting this Court and the operations of the IRS, which expenses must eventually be borne by all of us. [5]
The record here is clear. Petitioner has not assigned any errors with respect to the substantive adjustments to his income which were made *309 by respondent in his notice of deficiency. Nor has the petitioner alleged any facts to show that respondent erred in making the adjustments. Hence respondent has established that there is no genuine issue as to any material fact present in this case. It therefore follows that a decision may be rendered for respondent as a matter of law. His motion for summary judgment will be granted. An appropriate order and decision will be entered. Footnotes
1. Since this is a pre-trial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C., on November 21, 1979. Petitioner did not appear nor did he file any response to respondent's motion herein under consideration, albeit a copy thereof together with a copy of respondent's memorandum in support of his motion were served on petitioner by the Court on October 10, 1979.
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. The deficiency is principally predicated upon the following business expenses claimed by petitioner on his 1975 return which were disallowed by respondent on the grounds that it had not been established that they were ordinary and necessary business expenses or that they had been paid in 1975: ↩
Materials and supplies
$16,179.00
Cost of labor
7,309.00
Depreciation
4,496.00
Rent on business property
3,121.00
Employee welfare and subsistence
1,712.00
Auto and truck
2,434.00
Insurance and bonds
2,637.00
Travel away from home
9,483.00
$47,371.00
4. See Greenberg v. Commissioner, 73 T.C. 806 (1980); Wilkinson v. Commissioner, 71 T.C. 633 (1979); Gajewski v. Commissioner, 67 T.C. 181 (1976), aff'd. without opinion 578 F.2d 1383 (8th Cir. 1978); Swanson v. Commissioner, 65 T.C. 1180 (1976); Cupp v. Commissioner, 65 T.C. 68 (1975), affd. without opinion 559 F.2d 1207 (3rd Cir. 1977); Roberts v. Commissioner, 62 T.C. 834 (1974) and cases cited therein; and Burns, Stix Friedman & Co. v. Commissioner, 57 T.C. 392↩ (1971).
5. Although we considered imposing damages against petitioner pursuant to section 6673, Internal Revenue Code of 1954, as amended, we did not do so since, in our view, no showing has been made in this case that the petition was filed merely for delay. But see and compare, Greenberg v. Commissioner, 73 T.C. 806 (1980), and Wilkinson v. Commissioner, 71 T.C. 633↩ (1979), where damages were imposed.