JAMES E. DEVINE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Devine v. Commissioner
Docket No. 224-83.
United States Tax Court
T.C. Memo 1984-76; 1984 Tax Ct. Memo LEXIS 597; 47 T.C.M. (CCH) 1108; T.C.M. (RIA) 84076; February 15, 1984. James E. Devine, pro se. Leslie A. Klein, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: This case is before the Court on respondent's motions for summary judgment pursuant to Rule 121, [1] and for *598 an award of damages under section 6673. These motions were filed on July 13, 1983, and heard in Chicago, Illinois, on October 11, 1983. Respondent determined a $551.45 deficiency in petitioner's 1980 Federal income tax. The issue for decision is whether petitioner is liable for the self-employment tax imposed by sections 1401 and 1402. Petitioner was a resident of Beecher, Illinois, when we filed his petition in this case. During 1980, petitioner was a self-employed carpenter. On his 1980 individual income tax return, petitioner reported $6,807.97 as self-employment income which he earned as a carpenter. On Schedule SE, attached to his 1980 return, petitioner reported that he had no self-employment tax liability, stating at the bottom of Schedule SE: "I am legally exempt from this S.S. tax under various sections of Title 26 of I.R.C. because of my Christian beliefs." Petitioner's arguments on this issue are frivolous and merit no discussion. [2] See McCoy v. Commissioner,76 T.C. 1027, 1029 (1981), *599 affd. 696 F. 2d 1234 (9th Cir. 1983). Moreover, this is the fourth time that petitioner has petitioned this Court to set aside respondent's determination that petitioner is liable for the section 1401 self-employment tax. See Devine v. Commissioner, T.C. Summary 1977-60 (Devine I); Devine v. Commissioner,T.C. Memo. 1980-511, affd. in an unpublished Order No. 81-1330 (7th Cir., Dec. 15, 1981) (Devine II); Devine v. Commissioner,T.C. Memo. 1983-13 (Devine III). In these three previous cases, petitioner raised the same frivolous arguments that he asserts herein. In each case, this Court, after due consideration, rejected petitioner's contentions and held that he is not exempt from self-employment tax. Therefore, there is no genuine issue as to any material fact and respondent is entitled to summary judgment as a matter of law. *600 Respondent also filed a motion requesting this Court to award damages under section 6673. Petitioner contends that damages should not be awarded because he requested the Court to return his petition to him. Alternatively, petitioner asserts that damages may not exceed $500. Petitioner sent a letter on February 3, 1983, to the Clerk of the Court which requested: "That you return my petition dated December 31, 1982, since I don't believe that I can get a fair trial in your Court." Petitioner was informed by letter dated February 16, 1983, from the Deputy Clerk of the Court that once a case is properly filed with this Court it can be closed only by entry of a stipulated decision signed by both parties, by entry of a decision by this Court after a trial, or by a determination based on a motion. Petitioner made no further attempt to close his case. Instead, his conduct establishes that he continued to maintain this frivolous action. On May 5, 1983, petitioner filed a reply to respondent's answer in which he again asserted his exemption from the self-employment tax. Furthermore, petitioner appeared before this Court on October 11, 1983, to object to respondent's motion for summary *601 judgment. Section 6673 permits this Court to award damages whenever it appears that proceedings "here been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless * * *." It is clear by petitioner's conduct that he maintained a proceeding in this Court primarily for delay and that his position is these proceedings is frivolous or groundless. Moreover, in Devine III petitioner received the following warning: "Petitioner is now fully aware * * * that the substance of the case currently before the Court is without merit. Should he persist in filing similar petitions with the Court, we will not hesitate to reconsider our decision regarding the application of the provisions of section 6673." Petitioner chose to ignore this warning and continued to maintain this action asserting the same frivolous arguments which were rejected on three prior occasions by this Court. Therefore, damages under section 6673 are appropriate. Section 6673 was amended by the Tax Equity and Fiscal Responsibility Act of 1982, Pub. Law No. 97-248, sec. 292, 96 Stat. 574, to provide for, among other things, an increase in *602 the amount of damages from $500 to $5,000. This amendment applies to any action or proceeding commenced after December 31, 1982. Petitioner asserts that damages under section 6673 may not exceed $500 because his action was commenced on December 31, 1982, the date he mailed his petition. We disagree.
Tax Court Rule 20 provides that "A case is commenced in the Court by filing a petition with the Court * * *." The petition in this case was filed on January 3, 1983. Section 7502(a)(1), which in certain cases treats the mailing date as the filing date, does not apply in the case herein where the petition was delivered and filed with the Court within 90 days after the mailing of the notice of deficiency. Consequently, the proceedings herein were commenced after December 31, 1982, and section 6673, as amended, applies. Under the facts of this case, damages in the amount of $1,000 under section 6673 are appropriate. As we have stated time and again, this Court is not a forum for protest or the place for an individual to repeatedly attempt to champion a cause he knows to be groundless. Greenberg v. Commissioner,73 T.C. 806, 815 (1980). Petitioner has appeared before *603 this Court on three prior occasions asserting the same frivolous arguments. On each occasion, this Court considered and rejected petitioner's arguments. Furthermore, in our decision in Devine III, petitioner was warned that persistent filing of similar petitions would result in the imposition of damages under section 6673 and that the maximum amount of such damages was increased to $5,000 for actions commenced after December 31, 1982. Yet, in flagrant disregard of this Court's warning, petitioner maintained this action asserting the same frivolous arguments which we have rejected in Devine I, II, and III. If petitioner wishes to continue this form of protest, and add to our already overcrowded dockets, he must accept the damages authorized to be imposed by this Court. Greenberg v. Commissioner, supra at 816. Accordingly, damages under section 6673 in the amount of $1,000 are awarded to the United States. To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954, as amended.↩
2. In support of his position that he cannot pay the self-employment tax because of his Christian beliefs, petitioner points out that "God * * * states in the Bible, 'He shall therefore keep my statutes and my judgment, which if a man do, he shall live in them. I am the Lord.'" Petitioner, however, does not mention that the Bible also states, "Render, therefore, unto Caesar the things which are Caesar's, and unto God the things which are God's." [Luke 20:25, King James Version, Scofield Ed. 1967]↩