McKINLEY L. BOOMER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boomer v. Commissioner
Docket No. 31361-81.
United States Tax Court
T.C. Memo 1985-66; 1985 Tax Ct. Memo LEXIS 564; 49 T.C.M. (CCH) 744; T.C.M. (RIA) 85066; February 13, 1985. McKinley L. Boomer, pro se. David L. Miller, for the respondent. GOFFE
*744 MEMORANDUM OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioner's Federal income tax and additions to tax as follows: *745 Additions to Tax
Year
Deficiency
Sec. 6653(b)
Sec. 6654(a) [1]
1977
$1,602.00
$801.00
$41.92
1978
3,270.49
1,635.25
104.41
1979
3,905.00
1,952.50
162.53
*565 Ths issues for decision are whether petitioner is liable for the deficiencies in income and additions to tax determined by the Commissioner. This matter is before the Court on respondent's motion for summary judgment pursuant to Rule 121. Petitioner resided in Martin, South Dakota, when the filed his petition in this matter. During the taxable years in issue, petitioner was self-employed or employed by the Bennett County Cooperative Association of Martin, South Dakota, and R & S Construction Company of Pine Ridge, South Dakota, for portions thereof and received the following total amounts of wages as remuneration for his services: Year
Amount
1977
$10,366.17
1978
15,544.92
1979
18,124.09
Petitioner filed a Form W-4E, Exemption From Withholding, dated April 13, 1977, with his then employer claiming to be exempt from Federal income for the taxable year 1977. Petitioner filed Forms W-4, Employee's Withholding Allowance *3 Certificates, dated January 16, 1978, April 10, 1978, January 14, 1979, and December 28, 1979, with his employer claiming to be exempt from Federal income taxes. Petitioner did not file valid Federal income tax returns for the *566 taxable years 1977, 1978 and 1979. Although petitioner mailed Forms 1040, U.S. Individual Income Tax Returns, purporting to constitute valid Federal income tax returns for such taxable years to the Internal Revenue Service, no information from which petitioner's income tax liability could be computed was submitted. Petitioner, instead, typed in the word "object" in the blanks normally utilized to disclose relevant financial information.The margins of the Forms 1040 submitted by petitioner contained various constitutional objections. A large mass of "tax protester" information also accompanied each Form 1040 submitted by petitioner for the taxable years in issue. [2] Although petitioner was informed by Internal Revenue Service personnel that the forms submitted by petitioner did not constitute valid Federal income tax returns, petitioner did not file any other documents purporting to constitute Federal income tax returns for the taxable years in issue. *567 *4 The Commissioner determined that petitioner received taxable wages in the amounts of $10,366.17 $15,544.92 and $18,124.09 during the taxable years 1977, 1978 and 1979. The Commissioner also determined that petitioner was liable for additions to tax under sections 6653(b) and 6654(a) for fraudulent underpayment of tax and failure to pay estimated tax, respectively, in the amounts set forth above for each of the taxable years in issue. In his petition, petitioner alleged the following errors with respect to the matters contained in the notice of deficiency for the taxable years in issue: A. The determination of deficiency set forth in said notice is based on an arbitrary assumption. B. No consideration or allowance was given for legitimate and proper deductions. C. Penalties were arbitrarily and erroneously asserted. D. The Statutory Notice of Deficiency was issued with lack of Due Process. E. Petitioner's questions on important issues of law and fact, submitted in writing prior to the issuance of this Statutory Notice of Deficiency remain are resolved by appropriate due process of law, Petitioner would be forced to waive important rights to either prosecute *568 or defend the Commissioner's allegations of deficiency. In his answer, respondent denied these allegations and also set forth the necessary affirmative allegations of fraud in accordance with Rule 36(b). Petitioner filed a reply admitting and denying portions of these affirmative allegations of fraud. *5 At the hearing on respondent's motion for summary judgment, petitioner declined to testify on his own behalf citing the Fifth Amendment to the United States Constitution. Further, petitioner did not introduce any affidavits or other evidence in opposition to respondent's motion for summary judgment although he did submit a trial memorandum which primarily addressed petitioner's Fifth Amendment concerns. The first issue for decision is whether petitioner is liable for the deficiencies in income tax determined by the Commissioner. The Commissioner's determinations are presumptively correct, Welch v. Helvering,290 U.S. 111, 115 (1933), and petitioner bears the burden of proving them to be erroneous. Rule 142(a). When petitioner failed to deny the factual allegations concerning his receipt of taxable wages which were set forth in respondent's request *569 for admissions, the matters contained therein were deemed admitted. Rule 90(c). Accordingly, there is no genuine issue as to any material fact concerning the Commissioner's determinations of deficiencies in petitioner's tax for the taxable years 1977, 1978 and 1979; hence, the Commissioner's determinations of deficiencies are sustained. Rule 121. The next issue for decision is whether petitioner is liable for the additions to tax under section 6653(b) for fraud. The burden of proving fraud is on respondent, and he must do so by clear and convincing evidence. Rule 142(b); sec. 7454(a); Stone v. Commissioner,56 T.C. 213, 220 (1971). This burden is met if *6 it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead or otherwise prevent the collection of taxes and that there is an underpayment of tax. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968), cert. denied 393 U.S. 1020 (1969); Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983); Acker v. Commissioner,26 T.C. 107 (1956). When fraud is asserted, as in the instant case, *570 for more than one taxable year, respondent must show that some part of the underpayment was due to fraud for each taxable year for the corresponding addition to tax to be upheld. Professional Services v. Commissioner,79 T.C. 888, 930 (1982); Otsuki v. Commissioner,53 T.C. 96, 105 (1969). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Rowlee v. Commissioner,supra at 1123; Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud will never be presumed. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Since fraud can seldom be established by direct proof, the requisite intent may be inferred from a showing by respondent that petitioner's conduct was intended to conceal, mislead or otherwise prevent the collection of taxes that petitioner knew or believed he owed. Stoltzfus v. United States,supra;Professional Services v. Commissioner,supra.Since respondent's assertion of fraud requires an inquiry into the taxpayer's *571 frame of mind, a single act or omission seldom demonstrates the *7 necessary fraudulent intent. Rather, the existence of the requisite fraudulent intent must generally be determined by surveying a taxpayer's entire course of conduct. Stone v. Commissioner,supra at 223-224; Stratton v. Commissioner,54 T.C. 255, 284 (1970). Rule 121(b) provides that a decision may be rendered on a motion for summary judgment if it is shown "that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." A motion for summary judgment, however, may not be defeated by a mere allegation that a material fact is in dispute, the opposing party must set forth specific facts showing that there is a genuine issue for trial. Rule 121(d); see First National Bank of Arizona v. Cities Service Co.,391 U.S. 253, 288-290 (1968). In the instant case, despite respondent's declaration at the hearing on its motion for summary judgment that there is no genuine issue as to any material fact and that he is entitled to a judgment in his favor as a matter of law, petitioner did not introduce any evidence in opposition *572 to said motion. Petitioner also failed to set forth specific facts showing that there is a genuine issue for trial despite this Court's express requirement for such a showing in this procedural context. Rule 121(d). We do not, however, rely upon petitioner's failure to oppose respondent's motion for summary judgment in order to grant *8 respondent's motion on this issue. The admitted pleadings, exhibits and deemed admissions under Rule 90 provide an affirmative basis for this holding. Petitioner substantially understated his taxable income for the taxable years 1977, 1978 and 1979 and made no effort to disclose it. Petitioner also failed to file valid Federal income tax returns for the taxable years 1977, 1978 and 1979. It is well settled that the Forms 1040 submitted by petitioner are not valid Federal income tax returns because they do not contain sufficient data from which respondent can compute and assess the liability with respect to a particular taxpayer. Automobile Club of Michigan v. Commissioner,353 U.S. 180, 188 (1957); Commissioner v. Lane-Wells Co.,321 U.S. 219, 222-223 (1944); Reiff v. Commissioner,77 T.C. 1169, 1177 (1981). *573 While the failure to file tax returns, even over an extended period of time, does not per se establish fraud, Cirillo v. Commissioner,314 F.2d 478 (3d Cir. 1963), the failure to file returns is persuasive circumstantial evidence of fraud. Marsellus v. Commissioner,544 F.2d 883, 885 (5th Cir. 1977); see also Stoltafus v. United States,supra at 1005. Petitioner also filed false W-4 Forms to stop the withholding of Federal income taxes from his wages. Such activities are indicative of an attempt to evade the payment of income taxes. Rowlee v. Commissioner,supra at 1125; Habersham-Bey v. Commissioner,78 T.C. 304, 313-314 (1982). *9 Where the failure to file is predicated on totally frivolous arguments [3] and where respondent has shown substantial amounts of unreported income on which withholding has been prevented by the submission of false W-4 certificates, we have repeatedly held that fraud has been established by clear and convincing evidence justifying the imposition of the addition to tax under section 6653(b). See, e.g., Rowlee v. Commissioner,supra at 1123-1126; *574 see also Hebrank v. Commissioner,81 T.C. 640 (1983); Stephenson v. Commissioner,79 T.C. 995, 1007 (1982), affd. 748 F.2d 331 (6th Cir. 1984); Habersham-Bey v. Commissioner,supra at 313-314. In the instant case, the presence of these facts coupled with petitioner's failure to set forth specific facts showing there is a genuine issue for trial warrants the same conclusion. Accordingly, the Commissioner's determinations of additions to tax for fraud under section 6653(b) are sustained. The remaining issue for decision is whether petitioner is liable for the additions to tax under section 6654(a) for failure to pay estimated tax. The Commissioner's determinations are presumptively correct, Welch v. Helvering,290 U.S. 111, 115 (1933), *575 and petitioner bears the burden of proving them to be erroneous. Rule 142(a). We have previously held that the imposition of the addition to tax under section 6654 as to the *10 years in suit is mandatory when an individual taxpayer fails to make the required estimated tax payments unless the petitioner can place himself within one of the exceptions set forth in the statute. Grosshandler v. Commissioner,75 T.C. 1, 20-21 (1980). As petitioner has not even alleged that he falls within one of the statute's enumerated exceptions for any of the taxable years in issue, there is no genuine issue as to any material fact concerning the Commissioner's determinations with respect to this issue. Accordingly, the Commissioner's determinations concerning the additions to tax under section 6654(a) are sustained. Finally, we will quickly dispatch with petitioner's other arguments which are totally without merit. Petitioner's assertion in his petition that "[n]o consideration or allowance was given for legitimate and proper deductions" is erroneous. Despite repeated warnings from Internal Revenue Service personnel that the Forms 1040 submitted by petitioner for *576 the taxable years in issue do not constitute valid Federal income tax returns, petitioner consistently refused to file valid Federal income tax returns whereby he could, if applicable, avail himself of the various provisions of the enactments of Congress. Further, petitioner's failure to respond to respondent's request for admissions and the resulting deemed admissions under Rule 90 establish his lack of entitlement to any deductions for the taxable years in issue. *11 Petitioner's assertion that the notice of deficiency was issued without due process is also incorrect. Cupp v. Commissioner,65 T.C. 68 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977). Petitioner's remaining arguments have been previously examined and rejected. Reiff v. Commissioner,supra.
In closing, petitioner's frivolous "protest" contentions are burdensome both on this Court and to society as a whole. Abrams v. Commissioner,82 T.C. 403 (1984). We direct petitioner's attention to our lengthy discourse in Abrams concerning our increasing intolerance to "protest" proceedings similar to the instant case. Should *577 petitioner institute or maintain any future proceedings before this Court in contravention of the provisions of section 6673, [4] we will not hesitate to award the maximum amount of damages, even upon our own motion.
An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years in issue and all rule references are to this Court's Rules of Practice and Procedure.↩
2. The Forms 1040 submitted by petitioner and accompanying materials are remarkably similar to those present in Reiff v. Commissioner,77 T.C. 1169↩ (1981). The accompanying materials included articles challenging the Federal Reserve System, objections to how Federal tax dollars are spent and other frivolous contentions.
3. It is well settled that Federal Reserve notes are legal tender, United States v. Ware,608 F.2d 400, 402-404 (10th Cir. 1979); Hatfield v. Commissioner,68 T.C. 895, 897 (1977), and that individuals may not lawfully refuse to pay taxes based upon disagreements with Congressional spending. Greenburg v. Commissioner,73 T.C. 806, 810-812↩ (1980).
4. SEC. 6673. DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT PRIMARILY FOR DELAY, ETC. Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.↩