THOMAS JAMES BOSWELL, petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boswell v. Commissioner
Docket No. 9478-86.
United States Tax Court
T.C. Memo 1987-442; 1987 Tax Ct. Memo LEXIS 439; 54 T.C.M. (CCH) 402; T.C.M. (RIA) 87442; September 1, 1987
Thomas James Boswell, pro se. Steven R. Guest, for the respondent. GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d)(3) of the Internal Revenue Code of 1954 (redesignated section 7443A(b)(3) by section 1556 of the Tax Reform Act of 1986, Pub. *440 L. 99-514, 100 Stat. 2755) and Rule 180 et seq. of the Tax Court Rules of Practice and Procedure.[1]
Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax for the taxable years 1981, 1982, and 1983 as follows: Additions to Tax, I.R.C. 1954
Year
Deficiency
§ 6651(a)
§ 6653(a)(1)
§ 6653(a)(2)
§ 6654
1981
$ 1,790.00
$ 20.00
$ 90.00
*
None
1982
1,992.00
498.00
100.00
**
$ 193.00
1983
1,623.00
353.00
81.00
***
84.00
The issues for our determination are: (1) whether there are deficiencies in petitioner's Federal income taxes for 1981, 1982, and 1983; (2) whether petitioner is liable for the addition to tax under section 6651(a) for failure *441 to file timely tax returns for 1981, 1982, and 1983; (3) whether petitioner is liable for the additions to tax under section 6653(a) for negligence or intentional disregard of rules and regulations for 1981, 1982, and 1983; and (4) whether petitioner is liable for the addition to tax under section 6654 for failure to pay estimated taxes for 1982 and 1983. Petitioner resided in Milwaukee, Wisconsin when he filed his "petition" [2] with this Court. None of the facts have been stipulated. During the years 1981, 1982, and 1983, petitioner was active in Milwaukee community affairs. In 1981 and 1983 petitioner was employed by and received wages from the Cooperation West Side Association. Petitioner devotes much of his life to various humanitarian causes and works with less fortunate people in the community. He also is involved with groups such as Mobilization for Survival, Milwaukee War Tax Resistance, and Alternate Life Fund. He sincerely believes that it is morally wrong to pay taxes which would be used for the purpose of building arms, strengthening national defense, preparing for war, and ultimately annihilating human beings. *442 Petitioner filed a Form 1040 -- U.S. Individual Income Tax Return for 1982. The Form contained the following information: petitioner's name, address, occupation, social security number, filing status, and exemptions. On lines 7, 8, 18, 21, 22, 32-25, 37, 60, and 67, petitioner wrote in the letters "OSI" which means "Object Self Incrimination". On all of the remaining lines of the form, petitioner wrote in the numeral "0". Petitioner signed and dated the form on the place designated for his signature and date. Also accompanying the form was a letter addressed to the respondent, dated April 13, 1983, as follows: Dear I.R.S.: Enclosed please find my tax return form 1040, legally filled out to be best of my ability. I have asserted my constitutional rights under the 5th Amendment not to provide information which might be used against me and which, in conscience I cannot reveal. Also enclosed with my form are several articles and statements written by me and others which you may want to examine if you wish to know more about my motives. Respectfully Yours, Tom Boswell
Petitioner did not file any Forms 1040 -- U.S. Individual Income Tax Returns for 1981 and 1983. Petitioner *443 did, however, file a completed income tax return for 1980. On June 4, 1984, one of respondent's Internal Revenue agents wrote to petitioner informing him that respondent had no record of receiving Federal income tax returns for 1981 and 1982. An appointment was scheduled for him to appear at the local Internal Revenue Service office. Petitioner failed to appear at the scheduled date and time. Again, on October 26, 1984, petitioner was notified by Revenue Agent Cheryl Ganske that a review of respondent's records indicated that no Federal income tax return was filed by petitioner for 1983, and that the 1983 year would be included in the examination of the 1981 and 1982 years as indicated by the June 4, 1984 letter. Revenue Agent Ganske requested that petitioner furnish her with any documentation regarding his income and any allowable deductions. Upon his failure to reply, petitioner was notified that respondent would determine petitioner's income tax liability based on available information. Again, petitioner failed to appear or respond. Respondent determined, in a notice of deficiency dated January 9, 1986, that: (1) petitioner failed to report wage and rental income for 1981 *444 and 1983 in the amounts of $ 12,853.00 and $ 13,720.00, respectively, and (2) petitioner failed to report business and rental income in 1982 in the amount of $ 10,260.00. Respondent computed petitioner's income tax liability using the tax table for a single individual allowing for one personal exemption. He also determined additions to tax as previously mentioned. Petitioner in his petition and at trial did not challenge the correctness of respondent's deficiency determinations. Instead, he argues that the First Amendment to the Constitution protects him from refusing to voluntarily cooperate with the Federal income tax system, and that under Article Six of the Constitution, international law and all treaties made under the authority of the United States are the supreme law of the land and supersede the Sixteenth Amendment. We have dealt with both of these arguments before and have rejected them. In Muste v. Commissioner,35 T.C. 913 (1961), we held that: (1) the Internal Revenue Code, in imposing an income tax and requiring the filing of Federal income tax returns and payment of the tax, is not contrary to the First Amendment to the Constitution, and (2) there *445 is no principle of international law which operates to relieve citizens from their tax obligations and liabilities under the laws of their country or which imposes upon them individual responsibility for the use made of the revenue collected through Federal income taxes. In dealing with the First Amendment contention, we stated that a taxing statute is not contrary to the provisions of the First Amendment unless it directly restricts the free exercise by an individual of his religion. We think it clear that within the intendment of the First Amendment, the Internal Revenue Code, in imposing the income tax and requiring the filing of returns and the payment of the tax, is not to be considered as restricting an individual's free exercise of his religion. The Constitution does not relieve a pacifist or a conscientious objector of the duty to pay taxes, even though they may be used for war or for preparation for defense. In fact, Article I, Section 8 of the Constitution, specifically provides that the Congress shall have power to levy and collect taxes and provide for the common defense and general welfare of the United States and to provide for and maintain an Army and a Navy. Article *446 I and the Sixteenth Amendment to the Constitution empower Congress to levy and collect taxes on income from whatever source derived. Muste v. Commissioner,supra at 919. Like the taxpayer in Muste, we have no doubt as to the sincerity of petitioner's beliefs; however, on our opinion, petitioner does not have the fight to refuse to comply with the law, even though the policies of the Federal Government and the manner of expenditure of its revenue may not be in accord with the dictates of his conscience or his religious beliefs. See also Greenberg v. Commissioner,73 T.C. 806 (1980); Scheide v. Commissioner,65 T.C. 455 (1975); Russell v. Commissioner,60 T.C. 942 (1973), and the cases cited therein. Based on the foregoing, we sustain respondent's unchallenged deficiency determinations. The next issue for our determination is petitioner's liability for additions to tax under section 6651 (a) for the taxable years 1981, 1982, and 1983. Section 6651 (a) imposes an addition to tax when a taxpayer fails to file a timely return unless such failure is due to reasonable cause and is not due to willful neglect. *447 Petitioner bears the burden of proving that the section 6651 (a) addition to tax does not apply. Shomaker v. Commissioner,38 T.C. 192, 202 (1962); Rule 142 (a). It is clear that petitioner failed to file any income tax returns for 1981 and 1983. The Form 1040 filed for 1982 did not constitute a valid income tax return as defined by the statute because the Form 1040 contained no information as to income and deductions which could enable respondent to compute an income tax liability. In order for a document to constitute a tax return, it must contain sufficient data from which respondent can compute and assess the taxpayer's liability, it must purport to be a return, there must be an honest and reasonable attempt to satisfy the requirements of the tax law, and the taxpayer must execute the return under penalties of perjury. Beard v. Commissioner,82 T.C. 766, 777 (1984), affd. 793 F.2d 139 (6th Cir. 1986); Cupp v. Commissioner,65 T.C. 68 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977). All of these requirements have not been met in this case. The evidence shows that petitioner *448 knew of his duty to file an income tax return for each year in question because he filed a valid return for 1980. Based on the record, we sustain respondent on this issue. Respondent then determined that petitioner is liable for additions to tax under section 6653 (a) for negligence or intentional disregard of rules and regulations. Petitioner bears the burden of proving that he is not liable for the section 6653 (a) additions determined by respondent. Bixby v. Commissioner,58 T.C. 757 (1972); Rule 142 (a). Under section 6653 (a), negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner,85 T.C. 934, 947 (1985). We think the facts recited above demonstrate that petitioner was negligent. He has not met his burden of proving otherwise. We sustain respondent's determination as to these additions to tax. Finally, respondent determined additions to tax under section 6654 for underpayments of estimated tax. Where prepayments of tax, either through withholding or by making estimated tax payments quarterly during the course of the year, do not equal *449 the percentage of total liability required under the statute, imposition of the addition is mandatory, unless the petitioner shows that one of the several statutory exceptions applies. Sec. 6654; Grosshandler v. Commissioner,75 T.C. 1, 20-21 (1980); Estate of Ruben v. Commissioner,33 T.C. 1071, 1072 (1960). Petitioner, here, has made no showing, and therefore is liable for such additions to tax. Decisions will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and as in effect in the years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. ↩
*. 50 percent of interest due on underpayment of $ 81.00 ↩
**. 50 percent of interest due on underpayment of $ 1,992.00 ↩
***. 50 percent of interest due on underpayment of $ 1,412.00 ↩
2. At the outset, we note that the petition does not comply with Rule 34(b)(4) and (5) as the petition does not set forth assignments of error nor facts upon which petitioner would base any assignment of error. ↩