LORETTO MOLONY SHARKEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sharkey v. Commissioner
Docket No. 28681-88
United States Tax Court
T.C. Memo 1990-215; 1990 Tax Ct. Memo LEXIS 234; 59 T.C.M. (CCH) 490; T.C.M. (RIA) 90215; April 25, 1990, Filed *234 Decision will be entered for the respondent. Loretto Molony Sharkey, pro se. Karen Rose, for the respondent. COHEN, Judge. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies of $ 2,072, $ 2,140, $ 2,436, $ 2,409, $ 2,395, and $ 2,995 in petitioner's Federal income taxes for 1981, 1982, 1983, 1984, 1985, and 1986, respectively. Respondent also determined additions to tax of $ 518 for 1981 and $ 535 for 1982 under section 6651(a)(1). Finally, the notice of deficiency set forth additions *235 to tax under section 6653(a) of $ 103.60, $ 107.00, $ 121.80, $ 120.45, $ 119.75, and $ 149.75 for the years in issue. In an amendment to answer, however, respondent corrected his position to note that section 6653(a) had been bifurcated into sections 6653(a)(1) and (a)(2) for the years 1981 through 1985 and sections 6653(a)(1)(A) and (B) for 1986. Respondent alleged that section 6653(a)(2) would be applicable to petitioner's liability only in 1981 and 1982 because there were sufficient withholding credits in the subsequent years in issue. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the years in issue. FINDINGS OF FACT Petitioner was a resident of Gaithersburg, Maryland, when she filed her petition. Prior to 1973, petitioner was married to John E. Sharkey, who had been a Federal Government employee working at various times for the National Institutes of Health, National Aeronautics and Space Administration, Atomic Energy Commission, Federal Home Loan Bank Board, and the United States Navy. After the death of her husband, petitioner received pension income beginning in December 1973. She did not, however, *236 file any Federal income tax returns after her husband's death. Petitioner refuses to sign tax returns because she does not wish her money to be used for deliberate killing or maiming. During the years in issue, petitioner received pension income from the Office of Personnel Management Civil Service Retirement System in the following amounts: Year
Amount
1981
$ 20,412
1982
21,978
1983
23,004
1984
23,292
1985
24,456
1986
24,456
Petitioner had four dependents from 1981 through 1984, three dependents in 1985, and two dependents in 1986. In the statutory notice of deficiency, petitioner was allowed personal and dependency exemptions as well as itemized deductions to which she was entitled. OPINION At the time of trial, petitioner did not attempt to justify legally her refusal to file income tax returns. She described various good deeds that she had performed while bearing burdens that had fallen upon her as a widow with a large family. She indicated that she had refused to sign her name or file tax returns because of religious and moral convictions. Courts have repeatedly and uniformly held that a taxpayer's religious convictions do not entitle *237 him or her to refuse to pay income taxes because of opposition to the use to which the money collected is put. See, e.g., Lull v. Commissioner, 602 F.2d 1166 (4th Cir. 1979), affg. a Memorandum Opinion of this Court; Graves v. Commissioner, 579 F.2d 392 (6th Cir. 1978), affg. a Memorandum Opinion of this Court; Autenrieth v. Cullen, 418 F.2d 586 (9th Cir. 1969); Greenberg v. Commissioner, 73 T.C. 806 (1980); Russell v. Commissioner, 60 T.C. 942 (1973); Muste v. Commissioner, 35 T.C. 913 (1961). The United States Supreme Court has stated: Because the broad public interest in maintaining a sound tax system is of such a high order, religious belief in conflict with the payment of taxes affords no basis for resisting the tax. [United States v. Lee, 455 U.S. 252, 260 (1982).] There is neither authority nor justification for making an exception for petitioner in this case. Petitioner bears the burden of proving that respondent's determinations are erroneous. Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner offered no evidence to refute respondent's *238 determinations. Accordingly, the deficiencies in income taxes are sustained for all years in issue. In view of the well-established law and clear obligation to file returns and pay taxes, petitioner was negligent, and her failure to file tax returns was not due to reasonable cause. The additions to tax under sections 6651(a)(1) and 6653(a)(1) and (2) must be sustained. Respondent has not sought an award under section 6673 in this case. Petitioner has been warned, however, that in the future such further award to the United States may be made. See Graves v. Commissioner, 698 F.2d 1219 (6th Cir. 1982), affg. a Memorandum Opinion of this Court; Greenberg v. Commissioner, 73 T.C. at 813-816. Decision will be entered for the respondent.