PATRICK W. McCOY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McCoy v. Commissioner
Docket No. 16909-81.
United States Tax Court
T.C. Memo 1982-570; 1982 Tax Ct. Memo LEXIS 177; 44 T.C.M. (CCH) 1277; T.C.M. (RIA) 82570; September 29, 1982. Patrick W. McCoy, pro se. Robert M. Hallmark, for the respondent. PARKER
MEMORANDUM FINDINGS OF FACT AND OPINION PARKER, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the year 1979 in the amount of $4,289.63 (including self-employment tax of $1,260.63) and additions to the tax under section 6651(a) [1] in the amount of $486.41, under section 6653(a) in the amount *178 of $214.48, and under section 6654 in the amount of $58.87. The issues are (1) whether respondent's determination of a deficiency and additions to the tax should be sustained, when petitioner refuses to put on any evidence and merely makes frivolous claims under the Fifth Amendment and argues that wages are not income, and (2) whether damages should be imposed on petitioner under section 6673. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioner's legal residence at the time of filing his petition in this case was 1020 Spriggs Drive, Lander, Wyoming. For the taxable year 1979 petitioner submitted a document to the Internal Revenue Service that purported to be a Form 1040, U.S. Individual Income Tax Return. Unlike an official Form 1040, there was printed or typed on all four sides of page 1 of this document certain additional materials. At the top of page 1 appeared the following statements: *179 RETURN RECEIPT REQUESTED -- PETITION FOR REDRESS AT LAW -- CONSTRUCTIVE CRITICISM -- AND SCRUTINY OF TITLE 26 USC. Respectful and good faith rebuttal of the assumption that Title 26 USC is the law, by production of unrepealed Acts of Congress which are at variance with Title 26 U.S.C. Request for use immunity under Title 18 U.S.C. Section 6002, 6004. This is not a protest. At the bottom of page 1 appeared the following statements: The word "Object" is explained in detail in the following letter, court cases, Acts of Congress, and memoranda which is attached hereto and is to be made an integral part of this return and consists of 44 pages which includes reasonable showing of how disclosures could tend to incriminate. Designates obligations of the United States in the form of Federal Reserve Notes and does not embrace that definition of "Dollars" or ( $ ) nor are they at par with gold or silver coin and I do not know what is the fair market value in relation to "Dollars" $ or legal tender, fair weights and measures. In the left margin of page 1 appeared the following statements: I do not understand the tax laws which may apply to me or gross income, *180 legal tender, lawful money, nonredeemable, and the more I study, the more confused I get. The attached is part of that study and I believe it to be true. This return is signed and submitted under extreme duress, and involuntarily filed under the threat of statutory punishment and for the protection of my religious beliefs in the natural rights of man and the doctrine of being fair in weights and measures as demanded by the Creator. In the right margin of page 1 appeared the following statements: Respectful objections are herein made in good faith with a reasonable showing of how disclosures could tend to incriminate. I offer to amend and refile this return and all returns heretofore submitted if you will show me how to do so without waiving my rights under the 1st, 2nd, 4th, 5th, 6th, 7th, 8th, 9th, 10th, 13th, 14th, and 16th Amendments to the United States Constitution and the corresponding provisions of my State Constitution. Page 1 of that purported Form 1040 listed petitioner's name and address but all other questions or lines on that form contained the typed word "Object." In four instances, the typed word "Object" had been stricken through and the hand-printed word "NONE" *181 inserted. The four lines containing the word "None" were: (1) state and local income tax refunds, (2) alimony received, (3) farm income or loss, and (4) alimony paid. On page 2 of the document the typed word "Object" appeared on each line, but had been stricken through in three instances and the following insertions made. The line for credit for Federal tax on special fuels contained the hand-printed word "None." The line for 1979 estimated tax payments and total taxes paid or withheld contained the figure "2,344.00" and asterisks and arrows pointing to the words "Federal Reserve Notes." The form was signed by petitioner and dated April 14, 1980. Petitioner received a letter, dated July 11, 1980, from the Director of the Internal Revenue Service Center at Ogden, Utah, advising him that the form he had submitted was not acceptable as an income tax return because it did not contain information required by law and did not comply with Internal Revenue Code requirements. That letter went on to state: This is your notice of the legal requirements for filing federal income tax returns. Failure to file a required return may subject you to prosecution under Internal Revenue Code section 7203 *182 . The requirements, and an explanation of the penalty, are shown on the attachment to this letter. Petitioner was furnished blank income tax return forms and an addressed envelope for filing a proper return. Petitioner did not thereafter file a proper return. Respondent determined petitioner's income based on copies of Forms 1099 (for Nonemployee Compensation) obtained from the various insurance companies that petitioner represented. On February 25, 1976, petitioner signed a contract with the Farmers Insurance Group to represent those companies, and that contract was still in effect throughout 1979. Under that contract, petitioner was also permitted to represent other insurance companies, but the Farmers Insurance Group was unaware of the names of any other companies petitioner represented. The Forms 1099 obtained by respondent reflected the following Nonemployee Compensation paid to petitioner in 1979: Farmers Underwriters Association
$27,851.32
Rocky Mountain General Agency
430.12
Continental General Insurance Company
380.26
Respondent determined petitioner's Schedule C profit for the year 1979 based on those Forms 1099 and on petitioner's profit percentage *183 for the year 1978. Petitioner's Schedule C profits were thus determined to be $15,563.30. Certain minor adjustments were made for interest and dividend income based on petitioner's 1978 return, and his total taxable income was determined to be $15,702.53. Respondent also determined additions to the tax for late filing (section 6651(a)), for negligence (section 6653(a)), and for failure to pay estimated tax (section 6654). Respondent has not imposed any addition for civil fraud under section 6653(b). The record shows that petitioner has not been and is not now the subject of any criminal investigation or criminal prosecution for a crime of any type, either a tax crime or a non-tax crime. OPINION Petitioner has the burden of proof in regard to the deficiencies and additions determined by respondent. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner has not sustained his burden. At the trial petitioner steadfastly refused to present any evidence as to the types and amounts of his income or as to any deductions, exclusions or exemptions to which he may have been entitled. Petitioner chose *184 to assert vague claims in regard to the Fifth Amendment privilege against self-incrimination and to argue that wages are not income.[2] Petitioner testified in vague, general terms that at the time his 1979 tax return was due to be filed, he learned something about the business in which he was engaged that gave him concern about preparing and filing his return. The Court did not believe petitioner's testimony. Petitioner did not furnish any information that would even remotely suggest that he had any reasonable basis to fear self-incrimination. *185 The privilege against self-incrimination under the Fifth Amendment to the United States Constitution does not apply where the possibility of criminal prosecution is remote or unlikely, and remote or speculative possibilities of prosecution for unspecified crimes are not sufficient. Rechtzigel v. Commissioner,79 T.C. 132 (1982); Reiff v. Commissioner,77 T.C. 1169, 1174 (1981); McCoy v. Commissioner,76 T.C. 1027, 1029 (1981), on appeal (9th Cir. Sept. 15, 1981); Burns v. Commissioner,76 T.C. 706 (1981); Wilkinson v. Commissioner,71 T.C. 633, 637-638 (1979); Ryan v. Commissioner,67 T.C. 212, 217 (1976), affd. 568 F. 2d 531, 539 (7th Cir. 1977), cert. den. 439 U.S. 820 (1978); Roberts v. Commissioner,62 T.C. 834, 837-838 (1974); Figueiredo v. Commissioner,54 T.C. 1508, 1511-1512 (1970), affd. in an unpublished order (9th Cir., March 14, 1973). Here the Court is satisfied that any possible danger of self-incrimination is so remote and so speculative that it cannot support a Fifth Amendment claim. The Court is further *186 satisfied that petitioner's Fifth Amendment claim is wholly frivolous. Petitioner also claims that he filed a proper return and therefore the late filing addition under section 6651(a) should not be imposed. The essentially blank or "Porth-type" return such as petitioner filed does not constitute a tax "return" for purposes of the Internal Revenue Code. United States v. Porth,426 F. 2d 519, 523 (10th Cir. 1970), cert. den. 400 U.S. 824 (1970). [3]
Petitioner has not sustained his burden of proof to establish that his failure to file a proper return was due to reasonable cause and not due to willful neglect within the *187 meaning of section 6651(a). Fischer v. Commissioner,50 T.C. 164, 177 (1968). He has also failed to sustain his burden of proof to establish that his underpayment of tax was not due to negligence or intentional disregard of rules and regulations within the meaning of section 6653(a). Bixby v. Commissioner,58 T.C. 757, 791-792 (1972); Enoch v. Commissioner,57 T.C. 781, 802 (1972). Since petitioner failed to pay estimated tax, the addition under section 6654 is also mandatory in this case. Bagur v. Commissioner,66 T.C. 817, 824 (1976); Durovic v. Commissioner,54 T.C. 1364, 1400 (1970), affd. on this issue 487 F. 2d 36 (7th Cir. 1973), cert. den. 417 U.S. 919 (1974); Estate of Ruben v. Commissioner,33 T.C. 1071, 1072 (1960). Lastly, there is the matter of damages under section 6673. At the trial respondent orally moved for imposition of damages under section 6673, [4] which section permits the Court, on motion of respondent or on its own motion, to impose damages up to $500 where proceedings have been instituted by the taxpayer solely for delay. This *188 Court has imposed such damages in other cases, including "protester" cases involving frivolous claims of the type raised here. Sydnes v. Commissioner,74 T.C. 864, 870-873 (1980), affd. 647 F. 2d 813 (8th Cir. 1981); Greenberg v. Commissioner,73 T.C. 806 (1980); Wilkinson v. Commissioner,71 T.C. 633, 641 (1979). [5] Other courts have also admonished tax protesters or others bringing meritless claims that such frivolous, stale arguments may result in imposition of sanctions under the rules of those courts. See Lonsdale v. Commissioner,661 F. 2d 71 (5th Cir. 1981) in which the Fifth Circuit publicized such a warning. See also Edwards v. Commissioner,680 F. 2d 1268 (9th Cir. 1982), affg. per curiam an unreported decision entered by this Court in a tax protester case. In Edwards, the Ninth Circuit awarded double costs to the Commissioner of Internal Revenue as a result of the frivolous appeal. *189 Considering the numerous frivolous arguments advanced by petitioner, his vague testimony in regard to possible self-incrimination that the Court did not find to be credible, his fall-back position to the equally frivolous argument that wages are not income, and his refusal to go forward at the trial except to reiterate these frivolous arguments, the Court concludes that the only possible purpose or consequence of petitioner's chosen course of action was delay. [6] Under the circumstances, we think this is an appropriate case in which to impose damages under section 6673. Therefore, respondent's oral motion for imposition of damages will be granted and damages will be imposed in the maximum amount of $500. To reflect the foregoing An appropriate order and decision for the respondent will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue, unless otherwise noted.↩
2. The latter argument was something of an after-thought. As petitioner testified: * * * What I finally did was file a return claiming some Fifth Amendment privileges on certain items. After doing that, I found out that when you get a notice of deficiency it's almost impossible to defend that. So the only thing you can do is argue that wages are in fact not income. In a legal memorandum filed at the trial, petitioner also raised numerous arguments as to the meaning of "income," as to what constitutes "money," and as to various claimed violations of alleged rights under the United States Constitution and amendments thereto. These frivolous arguments have so often been rejected by this and other courts as no longer to require citation of authority. However, the cases cited in the body of the opinion in regard to the Fifth Amendment claim and Porth↩--type tax returns also dispose of these various contentions.
3. Again this is a matter long settled in this and other courts. See United States v. Edelson,604 F. 2d 232, 234 (3d Cir. 1979); United States v. Johnson,577 F. 2d 1304, 1311 (5th Cir. 1978); United States v. Klee,494 F. 2d 394, 397 (9th Cir. 1974); United States v. Daly,481 F. 2d 28, 29 (8th Cir. 1973); Jarvis v. Commissioner,78 T.C. 646 (1982); Reiff v. Commissioner,77 T.C. 1169↩ (1981) and cases collated therein.
4. Section 6673 provides as follows: SEC. 6673. DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT MERELY FOR DELAY. Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. ↩
5. See also Jacobs v. Commissioner,T.C. Memo. 1982-198; Ballard v. Commissioner,T.C. Memo. 1982-56; Senesi v. Commissioner,T.C. Memo. 1981-723, on appeal (6th Cir., March 25, 1982); Graves v. Commissioner,T.C. Memo. 1981-154, affd. by order (6th Cir., Jan. 28, 1982); Leitch v. Commissioner,T.C. Memo. 1981-504, affd.     F. 2d     (9th Cir. 1982); Swann v. Commissioner,T.C. Memo. 1981-236↩, dismissed by 9th Cir. 1981.
6. As the Court noted in Greenberg v. Commissioner,73 T.C. 806, 814 (1980): * * * a person's intent in performing an act includes not only his motive for acting (which may be defined as the objective which inspires the act), but also extends to include the consequences which he believes or has reason to believe are substantially certain to follow.↩